IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED
NOV 2 3 2004
Michael N. Milby, Clerk of Court

| | |
|---|---|
| Walter John Maurer, et al § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. H-03-3444 |
| § | |
| UNITED STATES OF AMERICA, § | |
| Defendant. § | |

### ORDER APPROVING COMPROMISE OF MINOR'S CLAIM

On this day of          , 2004, the above-referenced matter came on for hearing and approval by the Court as to the reasonableness of a settlement between the United States of America and Justin Maurer a minor. Plaintiff Justin Maurer appeared through Mark Aronowitz, his court appointed Guardian Ad Litem, and his counsel of record, Walter L. Boyaki and Bruce Mundie and his father, Walter and plaintiffs in this action, appeared in person and by and through counsel of record.

The Defendant United States of America appeared by its counsel of record. The complete and precise terms and condition of the settlement are set forth in the Stipulation For Compromise Settlement And Release of Federal Tort Claims Act Claim Pursuant to 28 U.S.C. 2677 (hereinafter "Stipulation For Compromise"), attached as Exhibit "A". The Court has reviewed the Stipulation for Compromise Settlement, taken testimony, and heard arguments in favor of this settlement. The Court is fully informed of the specifics of the full and final terms and conditions of the settlement. The Court finds that this settlement is fair, reasonable, and in the best interests of Justin Maurer, the minor plaintiff. The Court additionally understands that this settlement is contingent upon the satisfaction of the terms set forth in Exhibit A, an Order approving the settlement on behalf of Justin.

Maurer, and a release and waiver in favor of the United States by the plaintiffs, with respect to any and all claims they may have now or in the future against the United States and its agents, servants, employees, and any and all other persons, firms, corporations, associations, and entities, whether herein named or referred to or not, on account of the same subject matter that gave rise to the above-captioned action.

IT IS THEREFORE ORDERED, that the settlement, as set forth in Exhibit A, is hereby approved. It is further Ordered that Mark Aronowitz as the Guardian Ad Litem of Justin Maurer, and his father, Walter John Maurer, are authorized and required to sign the Stipulation For Compromise Settlement, along with any other documents that are necessary to consummate this settlement, on behalf of Justin Maurer.

IT IS FURTHER ORDERED, that the settlement is in full settlement and satisfaction of any and all claims, demand, rights, and causes of action of whatsoever kind and nature, including any future claims for wrongful death and any claims for fees, costs and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforseen, bodily and personal injuries, death, or damage to property, and the consequences thereof, which the plaintiffs or their heirs, executors, administrators, or assigns may have or hereafter acquire against the United States and its agents, servants and employees, and any and all other persons, firms, corporations, associations, and entities, whether herein named or referred to or not, on account of the same subject matter that gave rise to the above-captioned action.

IT IS FURTHER ORDERED, that the settlement shall discharge from liability the United States and its agents, servants and employees, and any and all other persons, firms,

corporations, associations, and entities, whether herein named or referred to or not, on account of the same subject matter that gave rise to the above-captioned action.

IT IS FURTHER ORDERED, that the settlement amount of Three Hundred Thirty Seven Thousand Five Hundred Dollars($337,500.) shall be distributed according to the terms and conditions of the Stipulation for Compromise. Upon satisfaction of the conditions set forth in Exhibit "A", the United States of America shall pay the following:

(1)   (a) To an annuity company, rated at least A+ by A.M. Best rating service, the sum of $122,692.38 to purchase the annuity contract described in Paragraph 3 b. of the Stipulation for Compromise attached as Exhibit A for and on behalf of Justin Maurer; and

(2)   (a) To Walter John Maurer the sum of One Hundred Twenty Two Thousand Six Hundred Ninety two Dollars and Thirty Seven Cents ($122,692.37);

(b) To Miranda and Boyaki, LLC, as attorneys' fees for the prosecution of the claims resulting in this settlement in the amount of Eighty Four Thousand Three Hundred Seventy Five Dollars ($84,375.00) and to pay other miscellaneous costs of Four Thousand Two Hundred Forty Dollars and Twenty Five cents($4,240.25).  Additionally from the settlement proceeds, the attorneys are directed to pay to the Guardian Ad Litem the sum of Three Thousand Five Hundred Dollars($3,500.00) as calculated and reported by the Guardian ad litem.

The Court further orders that plaintiffs and their attorneys shall provide to the United States the waivers and releases required by the United States in the Stipulation for Compromise Settlement.

IT IS FURTHER ORDERED, that plaintiffs upon final execution of the Stipulation for

Compromise Settlement and after the payment of the settlement amount by the United States, shall promptly cause to be filed with the Court a stipulation of dismissal of this action with prejudice with each party bearing its own costs, expenses and fees.

Dated: November 19, 2004

_____
THE HONORABLE VANESSA GILMORE
U.S. DISTRICT JUDGE


APPROVED AS TO FORM AND CONTENT:

_____
Sam Longoria
Assistant United States Attorney
Attorney for Defendant,
United States of America

_____
Walter L. Boyaki
Attorney for Plaintiff

_____
Mark Aronowitz
Guardian Ad Litem for Justin Maurer

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Walter John Maurer, et al | § § § | |
| Plaintiffs, | § § § | |
| v. | § § § | CIVIL ACTION NO. H-03-3444 |
| | § § § | |
| UNITED STATES OF AMERICA | § § § | |
| Defendant. | § | |

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

  IT IS HEREBY STIPULATED AND AGREED, by and between Walter John Maurer, Individually and as Next Friend of Justin Maurer, a minor, and as the Representative of the Estate of Jill Maurer, and the United States of America, Defendant, by and through their respective attorneys, as follows:

  1.   The parties do hereby agree to settle and compromise each and every claim of any kind, whether know or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above captioned action under the terms and conditions set forth in this Settlement Agreement.

  2.   This Stipulation For Compromise Settlement And Release is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on

1

Exhibit A

the part of the United States of America, its agencies, agents, servants or employees, and it is specifically denied that they are liable to plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3. The United States agrees to pay the undersigned plaintiffs the cash sums set forth below in 3(a) and to purchase the annuity contract described below in paragraph 3(b).

(a) As soon as it is practicable after the execution of this Stipulation for Compromise Settlement and Release, the United States will pay by wire transfer to the STRUCTURED FUNDING GROUP, 1314 Tenth Street, Suite 130, Huntsville, Texas, 77320, the sum of Three Hundred Thirty Seven Thousand Five Hundred Dollars ($337,500.00) (Hereinafter, "settlement amount"). The wire transfer will be sent to the Structured Funding Group, Special Account, Account No. 076-448 at the First National Bank of Huntsville, 1300 11th Street, Huntsville, Texas 77320, ABA Routing No. 113104000.

The Structured Funding Group, on behalf of the United States, will pay Two Hundred Fourteen Thousand Eight Hundred Seven Dollars and Sixty Two Cents ($214,807.62), payable to Walter Boyaki, attorney, and Walter John Maurer, Individually and as Next Friend of Justin Maurer, a minor, for the up front cash portion of this settlement. The parties agree that any attorneys fees owed by the plaintiffs on the amount of this settlement that is funded by the United States of America shall not exceed 25% (28 U.S.C. § 2678), and must be paid out of the settlement amount and not in addition thereto. Disbursement of the cash up front portion of the settlement will be as follows:

a) To Walter John Maurer, the sum of One Hundred Twenty Two

  Thousand Six Hundred Ninety Two Dollars and Thirty Seven Cents ($122,692.37).

b)  To Miranda & Boyaki, LLC, as attorney's fees, the sum of Eighty Four Thousand Three Hundred Seventy Five Dollars ($84,375.00) plus an additional Four Thousand Two Hundred Forty Dollars and Twenty Five Cents ($4,240.25) for other miscellaneous costs.

c)  To Mark Aronowitz, Guardian Ad Litem for Justin Maurer, a minor, the sum of Three Thousand Five Hundred Dollars ($3,500.00) as calculated and reported by the Guardian Ad Litem.

The Structured Funding Group, on behalf of the United States, will pay One Hundred Twenty Two Thousand Six Hundred Ninety Two Dollars and Thirty Eight Cents ($122,692.38) to New York Life Insurance Company to purchase an annuity contract to make the periodic payments specified in paragraph 3(b) of this Stipulation for Compromise Settlement.

  (b)  The United States of America will purchase an annuity contract to make the following payments:

  To Justin Maurer, if living, otherwise to Walter John Maurer, if living, otherwise to the Estate of Justin Maurer, the following:

  Beginning 07/12/2006, the sum of One Thousand Dollars ($1,000.00) per month, guaranteed for 7 years Certain only with the last guaranteed payment being made on 6/12/2013.

  On 7/12/2013, age 25, the sum of Thirty Five Thousand Dollars ($35,000.00)

  On 7/12/2018, age 30, the sum of Fifty One Thousand Nine Hundred Seventy Five Dollars and Four Cents ($51,975.04)

The annuity contracts will be owned solely and exclusively by the United States of America and will be purchased as soon as practicable following the execution of this Stipulation for Compromise Settlement and Release. The parties stipulate and agree that the United States' only obligation with respect to said annuity contracts and any annuity payments therefrom is to purchase the annuity contracts, and they further agree that the United States does not guarantee or insure any of the annuity payments. The parties further stipulate and agree that the United States is released from any and all obligations with respect to the annuity contracts and annuity payments upon the purchase of the annuity contracts.

The parties stipulate and agree that the annuity company that issued the annuity contracts or its assignee shall at all times have the sole obligation for making all annuity payments. The obligation of the annuity company to make each annuity payment shall be discharged upon the mailing of a valid check in the amount of such payment to the address designated by the party to whom the payment is required to be made under this Stipulation For Compromise Settlement And Release. Checks lost or delayed through no fault of the annuity company shall be promptly replaced by the annuity company, but the annuity company is not liable for interest during the interim.

The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased or decreased by the parties, that no part of any annuity payments called for herein or any assets of the United States or the annuity company are subject to execution or any legal process for any obligation in any manner, and that the plaintiffs shall not have the power to sell, assign, mortgage, encumber or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

Plaintiffs and their guardians, heirs, executors, administrators or assigns do hereby

agree to maintain with the annuity company and the United States a current mailing address, and to notify the annuity company and the United States of the death of any beneficiary of said annuity contracts within ten (10) days of death.

It is incumbent upon the beneficiaries or administrators of the Estate(s) of the Payees to notify the annuity issuer of the death of any of the Payees. In the event such notice is not given to the annuity issuer, the respective beneficiary or administrators of the Estate of the deceased shall be liable for all monies paid by the annuity issuer beyond the date for which such payments were due.

The annuity issuer reserves the right to require proof of the survival or death of any of the Payees or any Contingent Payee, as the case may be, before making any payment.

If the age or sex of the Payee is found to have been misstated, the life contingent payments specified above will be adjusted to the benefit provided by the original cost based on the correct information.

4.   Plaintiffs and their guardians, heirs, executors, administrators, or assigns do hereby accept the cash sums set forth above in paragraph 3(a) and the purchase of the annuity contracts set forth in paragraph 3(b) in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including any future claims for wrongful death and any claims for fees, costs and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, death, or damage to property, and the consequences thereof, which the plaintiffs or their heirs, executors, administrators, or assigns may have or hereafter acquire against the United States, it agents, servants and employees on account of the same subject matter that gave rise to the above captioned action. Plaintiffs and their

guardians, heirs, executors, administrators, and assigns do hereby further agree to reimburse, indemnify and hold harmless the United States and its agents, servants, and employees from and against any and all such claims, causes of action, liens, rights, or subrogated or contribution interests incident to or resulting or arising from the acts or omissions that gave rise to the above captioned action, including claims or causes of action for wrongful death.

5. This compromise settlement is specifically subject to each of the following:

a. An agreement by the parties on the terms, conditions and requirements of this Stipulation For Compromise Settlement And Release and the annuity contracts. The parties stipulate and agree that the Stipulation For Compromise Settlement And Release and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions and requirements of this Stipulation For Compromise Settlement And Release and the annuity contracts. The term, conditions and requirements of this Stipulation For Compromise Settlement And Release are not severable and the failure to agree, fulfill or comply with any term, condition or requirement renders the entire Stipulation For Compromise Settlement And Release and the compromise settlement null and void. The authorization by the Attorney General or the Attorney General's designee to negotiate and consummate a settlement for the amount agreed upon by the parties does not make the settlement binding upon the United States unless and until the other terms, conditions and requirements of the Stipulation For Compromise Settlement And Release have been completely agreed upon in writing.

b. Each beneficiary of the annuity contracts set forth above in paragraph 3(b) must be alive at the time of the purchase of said annuity. In the event of the death of any beneficiary prior to the purchase of said annuity contracts, the entire Stipulation For

6

Compromise Settlement And Release and the compromise settlement are null and void.

    c.    Prior approval of the settlement by a court of competent jurisdiction, if required by law. In the event the plaintiffs or state law require court approval of this settlement, the plaintiffs have an obligation to obtain such approval at their expense. Such court approval must be obtained prior to the purchase of the annuity contracts set forth above in paragraph 3(b). Plaintiffs agree to obtain such approval in a timely manner: time is of the essence. Plaintiffs further agree that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner. In the event plaintiffs or state law require court approval of this settlement and such approval is not timely obtained, the entire Stipulation For Compromise Settlement And Release and the compromise settlement are null and void.

    6.    Plaintiffs' attorney agrees to distribute the settlement proceeds among the plaintiffs and to obtain a dismissal of the above captioned action with prejudice, with each party bearing is own fees, costs and expenses.

    7.    The parties agree that this Stipulation For Compromise Settlement And Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be public in their entirety, and the plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C § 552a (b).

    Executed this _____ day of _____, 2004

Attorney for Defendant:                                   Michael T. Shelby
                                                          United States Attorney

Date: 11-19-04                                    By: *[signature]*
                                                          Sam Longoria
                                                          Assistant U.S. Attorney
                                                          Attorney for the Defendant

Date: 11/19/04                                    By: *[signature]*
                                                          Walter Boyaki
                                                          Attorney for Plaintiffs

Date: 11/19/04                                    By: *[signature]*
                                                          Walter John Maurer, Individually
                                                          and as next friend of Justin
                                                          Maurer, a minor

Date: 11/19/2004                                  By: *[signature]*
                                                          Mark Aronowitz, Guardian Ad
                                                          Litem for Justin Maurer, a minor

8